RICHARD B. WOLF, SB# 046173
　　E-Mail: rwolf@lbbslaw.com
ELISE D. KLEIN, SB# 111712
　　E-Mail: klein@lbbslaw.com
JANELLE F. GARCHIE, SB# 118453
　　E-Mail: garchie@lbbslaw.com
KRISTIN P. KYLE de BAUTISTA, SB# 221750
　　E-Mail: kyledebautista@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
650 West "C" Street, Suite 800
San Diego, California 92101
Telephone: (619) 233-1006
Facsimile: (619) 233-8627

Attorneys for HEALTH NET OF CALIFORNIA, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDA SUSSMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARMELIA SANI, M.D., SHILEY EYE CENTER, UCSD MEDICAL CENTER, REGENTS OF THE UNIVERSITY OF CALIFORNIA, HEALTH NET, INC., HEALTH NET SENIORITY PLUS, LINDA BEACH, HAIDEE GUTIERREZ, and DOES 1 through 40, inclusive,<br><br>　　　　Defendants. | CASE NO. 08 CV 0392 H BLM<br><br>Honorable Marilyn L. Huff<br>Action Removed: March 3, 2008<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice]<br><br>DATE:　April 7, 2008<br>TIME:　10:30 a.m.<br>CTRM:　13 |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

　　PLEASE TAKE NOTICE that on April 7, 2008 at 10:30 a.m., or as soon thereafter as the parties may be heard in Courtroom 13 of the above-entitled court located at 880 Front Street, San Diego, California 92101, defendant Health Net of California, Inc. ("Health Net") will and hereby does move this court to dismiss the eighth, ninth and tenth causes of action alleged against Health Net in the state court

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  complaint of plaintiff Freda Sussman ("plaintiff") pursuant to Federal Rule of Civil

2  Procedure 12(b)(1) on the grounds that the Court does not have subject matter

3  jurisdiction over this case, and plaintiff has not stated a claim upon which relief may

4  be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

5         Briefly stated, plaintiff's claims, all based on alleged denial of Medicare

6  benefits, are subject to exclusive administrative review by the Health Care Financing

7  Administration (HCFA) as provided by the Medicare Act, and judicial review is

8  available only after the HCFA has rendered a final decision on the claim.  Plaintiff

9  has not exhausted her administrative remedies afforded by the Medicare Act.

10  Plaintiff's failure to state a claim upon which relief may be granted is based upon the

11  Medicare Act, specifically the 2003 amendment to the Medicare Act known as the

12  Medicare Prescription Drug, Improvement, and Modernization Act of 2003

13  ("MMA"), which preempts all state law causes of action arising from claims by a

14  plan member concerning the requirements, limitations, and procedures for Medicare

15  services furnished, or paid for, by Medicare Advantage organizations through

16  Medicare Advantage plans, such as plaintiff alleges Health Net issued to her.

17         This motion will be based upon this notice of motion and motion, the

18  memorandum of points and authorities filed herewith, the Request for Judicial

19  Notice, the declaration of Marci Armin, all pleadings and papers on file herein, all

20  matters of which the court must or may take judicial notice, and upon such other and

21  further evidence and argument as the court deems just and proper.

22

23  DATED: March 10, 2008         LEWIS BRISBOIS BISGAARD & SMITH LLP

24

25                              By s/Kristin P. Kyle de Bautista
                                   RICHARD B. WOLF
26                                 ELISE D. KLEIN
                                   JANELLE F. GARCHIE
27                                 KRISTIN P. KYLE de BAUTISTA
                                   Attorneys for Defendant Health Net of
28                                 California, Inc.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

# TABLE OF CONTENTS

Page

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

II.  PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

III. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

IV.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

     A.   Authority for Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

     B.   Overview of Complete Preemption Afforded by the Medicare
          Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

          1.   The Medicare Act contains an enforcement
               mechanism to address each of plaintiff's claims . . . . . . . . . . -6-

          2.   The enforcement mechanisms afforded by the
               Medicare Act mean that plaintiff's claims are
               completely preempted . . . . . . . . . . . . . . . . . . . . . . . . . -8-

     C.   Plaintiff's Claimed Entitlement To Benefits And "Bad Faith
          Insurance Tactics" Allegations Fall Squarely Under The
          Medicare Act And The MMA . . . . . . . . . . . . . . . . . . . . . . . -8-

          1.   Plaintiff's claim of entitlement to benefits is preempted . . . . -8-

          2.   Plaintiff's "bad faith" claim is preempted . . . . . . . . . . . . . -10-

     D.   Plaintiff's Cause Of Action For Fraud And Deceit Is
          Preempted By The Medicare Act . . . . . . . . . . . . . . . . . . . . . . -10-

     E.   Plaintiff's Cause Of Action For Unfair Business Practices
          Is Preempted By The Medicare Act . . . . . . . . . . . . . . . . . . . . -12-

     F.   Before Plaintiff's Claims May Be Considered By This Federal
          Court, She Must First Exhaust The Administrative Remedies
          Afforded By Contract And Under The Medicare Act . . . . . . . . . . -13-

     G.   Plaintiff's Contract With Health Net Sets Forth The
          Comprehensive Administrative Review Scheme Mandated By
          The Medicare Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

     H.   This Action Should Be Dismissed As Premature Since
          Plaintiff Has Not Exhausted Her Administrative Remedies . . . . . . -15-

V.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

# TABLE OF AUTHORITIES

**Federal Cases**                                                                  Page

*Ardary v. Aetna Health Plans of Calif., Inc.*
   98 F.3d 496 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Beneficial National Bank v. Anderson*
   539 U.S. 1 [156 L.Ed.2d 1, 123 S. Ct. 2058] (2003) . . . . . . . . . . . . . . . . . 8

*Branch v. Tunnell,*
   14 F.3d 449 (9th Cir. 1994)

*Clay v. Permanente Medical Group, Inc.*
   2007 WL 4374273 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Clorox v. U.S. District Ct. for N.D. of California*
   779 F.2d 517 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Dial v. Healthspring of Ala., Inc.*
   501 F.Supp.2d 1348 (S.D. Ala. 2007) . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Dielsi v. Falk*
   916 F.Supp. 985 (C.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Drissi v. Kaiser Foundation Hospitals, Inc.*
   2008 WL 54382 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Dyer v. Greif Brothers, Inc.*
   766 F.2d 398 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Fecht v. Price Co.*
   70 F.3d 1078 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*First Medical Health Plan, Inc. v. Vega-Ramos*
   479 F.3d 46 (1st Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

*Franchise Tax Board v. Construction Laborers' Vacation Trust*
   463 U.S.1 [77 L.Ed.2d 420, 103 S.Ct. 2842] (1983) . . . . . . . . . . . . . . . . 16

*Freeman v. Bee Machine Co.*
   319 U.S. 448 [87 L.Ed. 1509, 63 S.Ct. 1146] (1943) . . . . . . . . . . . . . . . . 16

*Heckler v. Ringer*
   466 U.S. 602 [104 S.Ct. 2013, 80 L.Ed.2d 622] (1984) . . . . . . . . . . . . . . 8

*Hooker v. United States Department of Health and Human Services*
   858 F.2d 525 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jenkins v. Social Security Administration*
   42 Fed. Appx. 995 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Schroeder v. Trans World Airlines*
   702 F.2d 189 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Valenzuela v. Kraft*
    739 F.2d 434 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**State Cases**

*20th Century Insurance Co. v. Superior Court*
    90 Cal.App.4th 1247 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Brodkin v. State Farm Fire & Casualty Co.*
    217 Cal.App.3d 210 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Love v. Fire Insurance Exchange*
    221 Cal.App.3d 1136 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Prieto v. State Farm Fire & Casualty Co.*
    225 Cal.App.3d 1188 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ray v. Farmers Insurance Exchange*
    200 Cal.App.3d 1411 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Waller v. Truck Insurance Exchange, Inc.*
    11 Cal.4th 1 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Statutes**

CA Business & Professions Code Section 17200 . . . . . . . . . . . . . . . . . . . . . 6, 12

42 C.F.R. § 422.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

42 C.F.R. § 422.564 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

42 C.F.R. § 422.566 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

42 C.F.R. § 422.80 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11, 12

42 U.S.C. § 1395w-22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15, 17

42 U.S.C. § 1395w-26(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

42 U.S.C. § 405 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 15, 17

17 U.S.C. § 411 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

28 U.S.C. § 1338 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

28 U.S.C. § 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

C.F.R. § 422.564 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rule 12(b)(1), F.R. Civ. Proc . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Freda Sussman ("plaintiff") was a member of a Seniority Plus Medicare Advantage plan issued by Health Net of California, Inc. ("Health Net").  In her state court complaint, plaintiff attempts to allege three causes of action against Health Net arising out of her membership in "Seniority Plus," (1) Bad Faith Insurance Tactics; (2) Fraud and Deceit; and (3) Unfair Business Practices.   Plaintiff claims that she was denied recommended rehabilitation services and had to pay for them herself.  Plaintiff further alleges that Health Net made marketing misrepresentations to her and other members of the public that they will receive adequate care, to induce them to enroll in Seniority Plus.  Finally, plaintiff alleges unfair business practices against Health Net, by using incentives and disincentives to health care providers to discourage the rendering of necessary care to enrollees. (*Complaint*, ¶¶ 52-73.)

By this motion to dismiss, Health Net establishes that the bad faith, fraud and unfair business practices causes of action, which complain of Health Net's denial of Medicare benefits to plaintiff, and the improper marketing of its Medicare Advantage product, are preempted and supplanted by exclusive administrative remedies, not exhausted by plaintiff, set forth in the Medicare Act, and specifically to the remedies provided by the 2003 amendment to the Medicare Act known as the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 ("MMA").

The Seniority Plus contract that sets forth plaintiff's rights and obligations under her plan ("Evidence of Coverage" or "EOC"), contains comprehensive procedures for seeking medical care, and for making complaints about denial of, and quality of, medical benefits.  In brief, plaintiff has the statutory and contractual right to appeal what are called "organization determinations," that involve a denial of health care benefits she contends are covered.  Both the Medicare Act and the

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  contract issued to Ms. Sussman contain a six-step process that culminates in the right

2  to consideration by the United States District Court, not a state court – and not

3  earlier.

4  Thus, all of plaintiff's claims for relief fall under both Health Net's contractual

5  appeals and grievances procedures and the administrative process set forth in the

6  Medicare Act and regulations promulgated pursuant thereto. Since plaintiff has

7  never commenced – much less exhausted – these administrative remedies, a

8  precondition to judicial review, the Court does not have subject matter jurisdiction

9  over this action.

10  Additionally, plaintiff's claims against Health Net, all based on state law, are

11  completely preempted by federal law, and therefore do not state claims for any

12  available relief.

13  Accordingly, plaintiff's eighth, ninth and tenth causes of action against Health

14  Net must be dismissed.

15  **II.  PROCEDURAL BACKGROUND**

16  Plaintiff commenced this action in San Diego County Superior Court on

17  November 13, 2007. Health Net removed the action to this District Court on March

18  3, 2008, asserting that the action presents a federal question. Health Net now brings

19  the instant motion asserting that plaintiff's state statutory and common law contract

20  and tort claims that relate to her Medicare Advantage plan are preempted by the

21  Medicare Act and that plaintiff must first exhaust the administrative remedies

22  afforded by the Medicare Act before she is entitled to review of any administrative

23  decision by the District Court.

24  **III.  FACTUAL BACKGROUND**

25  According to the complaint, plaintiff was a participant in the Health Net

26  "Seniority Plus" plan, a Medicare Supplement program administered by Health Net.

27  (*Complaint,* ¶ 54.)  On or about February 23, 2007, plaintiff suffered a stroke, and

28  was admitted to the intensive care unit of Alvarado Hospital (*Complaint,* ¶¶ 19, 54.)

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  Plaintiff claims that after seven days at Alvarado Hospital, Health Net ordered her

2  transferred to the University of California, San Diego ("UCSD") Medical Center

3  even though she was still in an "unstable" condition. (*Complaint,* ¶ 54.) Just prior

4  to the transfer, plaintiff asserts that two physicians, an internist, Dr. Ramenini, and a

5  neurologist, Dr. Evens, recommended that she be placed in an acute rehabilitation

6  facility. (*Complaint,* ¶ 55.) Despite the physician recommendations, plaintiff claims

7  that the UCSD Medical Center determined that plaintiff was not eligible for

8  rehabilitation therapy based on the opinion of one of the medical center's physical

9  therapists. (*Complaint,* ¶ 56.) The physical therapist determined that plaintiff could

10  not endure three hours of rehabilitation services a day, and recommended transfer to

11  a nursing facility. (*Complaint,* ¶ 56.) Plaintiff claims that Health Net refused to

12  authorize necessary rehabilitation services based upon the groundless opinion of a

13  physical therapist in contradiction to the opinions of two qualified physicians, and

14  that Health Net did so as part of a pattern and practice of refusing to pay for adequate

15  care for its members in order to increase its profits. (*Complaint,* ¶¶ 58-59.) As a

16  result, plaintiff was forced to incur or pay for rehabilitation services out-of-pocket to

17  avoid placement in a nursing facility. (*Complaint,* ¶ 57, 61.) Plaintiff alleges that

18  Health Net's conduct constitutes "bad faith insurance tactics."

19      Additionally, plaintiff alleges a cause of action against Health Net for fraud

20  and deceit. Plaintiff asserts that Health Net engages in a practice of representing to

21  members of the public that, by enrolling in the Seniority Plus plan, enrollees will

22  receive thoroughly adequate care that is superior to that provided by Medicare.

23  (*Complaint,* ¶ 65.) Plaintiff claims, however, that through the use of incentives and

24  disincentives to providers, Health Net actually discourages the rendering of

25  necessary care to its members. (*Complaint,* ¶ 65.)

26      Finally, plaintiff alleges that Health Net's use of combined incentives and

27  disincentives to providers to discourage the rendering of necessary care in order to

28  garner more profits constitutes an unfair business practice within the meaning of

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  California Business and Professions Code Section 17200 *et seq.* (*Complaint,* ¶¶ 70,

2  72-73.)

3  **IV.    ARGUMENT**

4          **A.    Authority for Motion**

5          It is fundamental that lack of subject matter jurisdiction, although never

6  waived, may be challenged by motion to dismiss (Rule 12(b)(1), F.R. Civ. Proc.;

7  Moore, Federal Practice, § 12.30[1]), and that a motion to dismiss for failure to state

8  a claim for which relief may be granted is authorized by Rule 12(b)(6). (Moore,

9  Federal Practice, § 12.34[1].) Although defendant has the burden of persuasion on

10  Rule 12(b)(6) motions, the opposite is true of motions under Rule 12(b)(1)

11  challenging subject matter jurisdiction: "Once challenged, the party asserting

12  subject matter jurisdiction has the burden of showing its existence." (Moore, §

13  12.30[5].)

14          **B.    Overview of Complete Preemption Afforded by the Medicare Act**

15                  **1.    The Medicare Act contains an enforcement mechanism to**

16                  **address each of plaintiff's claims**

17          The Medicare Act sets forth a detailed, and exclusive, administrative scheme

18  for addressing an enrollee's concerns about the provision for, or payment of, medical

19  care under a Medicare Advantage ("MA") plan. In 2003, the Medicare Act was

20  amended by a law entitled the Medicare Prescription Drug, Improvement, and

21  Modernization Act of 2003 ("MMA") to provide:

22          The standards established under this part shall supersede any State law

23          or regulation (other than State licensing laws or State laws relating to

24          plan solvency) with respect to MA plans which are offered by MA

25          organizations under this part.

26  (42 U.S.C. § 1395w-26(b)(3).) The legislative history of this provision makes clear

27  that this amendment means what it says: "[T]he [Medicare Advantage Program] is a

28  federal program operated under Federal rules and that State laws, [sic] do not, and

1  should not apply, with the exception of state licensing laws or state laws related to

2  plan solvency." (H. Conf. Rep. 108-391 at 557, as quoted in *First Medical Health*

3  *Plan, Inc. v. Vega-Ramos*, 479 F.3d 46,51 (1st Cir. 2007.)

4          The Code of Federal Regulations explains that the scope of Part 422

5  "establishes standards and sets forth the requirements, limitations, and procedures for

6  Medicare services furnished, or paid for, by Medicare Advantage organizations

7  through Medicare Advantage plans." (42 C.F.R. Ch. IV, Subch B, Part 422,

8  Medicare Advantage Program, 42 C.F.R. § 422.1.)  Under these standards, when a

9  member is unhappy about the denial of benefits, she first appeals to the plan, then to

10  an administrative law judge.  Either party dissatisfied with the ruling of the

11  administrative law judge can appeal to the Secretary of Health and Human Services.

12  If either party is dissatisfied with that ruling, he, she or it can seek judicial review in

13  the United States District Court.  (42 U.S.C. §§ 405(g); 1395w-22(g)(5); 42 C.F.R.

14  Part 422, Subpart M. § 422.560, et seq.)

15          Additional standards regulate the remaining matters at issue in plaintiff's

16  complaint.  Marketing materials and election forms used by MA plans are regulated

17  by 42 C.F.R. § 422..80.  "Marketing materials" are defined as including "any

18  informational materials targeted to Medicare beneficiaries" which promote the

19  Medicare Advantage plan, inform Medicare beneficiaries about enrollment, explain

20  the benefits of enrollment, and explain how Medicare services are covered under the

21  Medicare Advantage plan. (42 C.F.R. § 422.80(b)(1)-(4).)  If an enrollee believes

22  that a Medicare Advantage plan is marketing its product in violation of these

23  regulations, he or she can file a grievance and participate in a multi-step grievance

24  procedure with CMS.  (42. C.F.R. § 422.564.)

25          Thus, the Medicare Act expressly and completely preempts plaintiff's causes

26  of action against Health Net.  Her complaints about benefits must be addressed

27  through the administrative process described at 42 U.S.C. § 1395w-22(g) and her

28  complaints about marketing representations must be addressed through the

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  administrative process described at 42 C.F.R. § 422.564.

2      **2.**     **The enforcement mechanisms afforded by the Medicare Act**

3          **mean that plaintiff's claims are completely preempted**

4      Removal is appropriate, and federal jurisdiction exists, under the "complete

5  preemption" doctrine where a federal statute (1) expressly preempts state law

6  standards; and (2) provides exclusive federal remedies. (*Beneficial National Bank v.*

7  *Anderson*, 539 U.S. 1, 123 S. Ct. 2058.) As discussed above, both of these

8  requirements are met here; as set forth at 42 U.S.C. § 1395w-26(b)(3),the Medicare

9  Act and its regulations expressly supersede any "State law or regulation" with

10  respect to MA plans; and exclusive federal remedies are provided for plaintiff's

11  complaints.

12      **C.**     **Plaintiff's Claimed Entitlement To Benefits And "Bad Faith**

13          **Insurance Tactics" Allegations Fall Squarely Under The Medicare**

14          **Act And The MMA**

15      In her complaint, plaintiff has combined both her claim of entitlement to

16  benefits and allegations of bad faith conduct into one cause of action entitled "bad

17  faith insurance tactics." Plaintiff alleges that Health Net failed to approve and pay

18  for rehabilitation services – clearly health care services - and that Health Net did so

19  in bad faith. These claims are preempted, as discussed next below.

20      **1.**     **Plaintiff's claim of entitlement to benefits is preempted.**

21      Because plaintiff's benefit claims "arise under" Medicare, her cause of action

22  for bad faith failure to pay for services is barred by the exclusive review provisions

23  of the Medicare Act. In *Heckler v. Ringer*, 466 U.S. 602 [104 S.Ct. 2013, 80

24  L.Ed.2d 622] (1984), the United States Supreme Court held that a claim arises under

25  Medicare if (1) both the standing and the substantive basis for the presentation of the

26  claim is the Medicare Act (*Id.* at 615), or (2) the claim is "inextricably intertwined"

27  with a claim for Medicare benefits. (*Id.* at 614.) A claim that is "wholly collateral"

28  to a claim for benefits under the Medicare Act is not subject to the exclusive review

1  provisions of the Act.

2       The "arising under" language has been interpreted to mean that claims which

3  are, at bottom, claims for reimbursements of benefits are "inextricably intertwined"

4  with a claim for benefits and, therefore, arise under the Medicare Act. *(Ardary v.*

5  *Aetna Health Plans of Calif., Inc.,* 98 F.3d 496, 500 (9th Cir. 1996).) In *Ardary*, the

6  Court of Appeal held that an action for compensatory and punitive damages brought

7  by the heirs of a deceased Medicare beneficiary for a private Medicare provider's

8  failure to authorize an airlift to a larger hospital resulting in the beneficiary's death

9  was not preempted by the Medicare Act. The Court found that the claims were not,

10  at bottom, seeking to recover benefits as a beneficiary's death could not be remedied

11  by the retroactive authorization or payment of the airlift transfer. (*Id.* at 500.)

12       However, in *Hooker v. United States Department of Health and Human*

13  *Services,* 858 F.2d 525 (9th Cir. 1988), the Ninth Circuit rejected plaintiffs' state law

14  claims arising out of the Social Security Administration's allegedly wrongful

15  termination of disability benefits. There, Laurence Hooker committed suicide after

16  he was denied further disability benefits. Among other things, his heirs sued two

17  state employees for negligence. The district court dismissed the action, holding that

18  42 U.S.C. Section 405 barred plaintiffs' state law claim for negligence, since it was

19  "merely a disguised dispute with the Secretary." (*Id.* at 529.) The Ninth Circuit

20  affirmed, holding that claims for damages arising out of the Secretary's acts "arise

21  under" the Medicare Act. (*Id.*) The Court specifically cited to the six-step

22  administrative process that controls this dispute. (*See also, Jenkins v. Social*

23  *Security Administration,* 42 Fed. Appx. 995 (9th Cir. 2002) [plaintiff could not

24  circumvent exhaustion requirement of 42 U.S.C. § 405(h) by characterizing his

25  action as one for civil rights violations].)

26       Here, plaintiff explicitly seeks to recover approximately $51,000 in costs for

27  rehabilitation services she claims to have incurred as a result of Health Net's denial

28  of her request for authorization. (*Complaint,* ¶¶ 57 and 61.) In this action, plaintiff's

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1    out-of-pocket expenses may be remedied by the retroactive payment of the disputed

2    benefits. Because plaintiff challenges Health Net's decision not to provide her with

3    rehabilitation therapy, and seeks damages relating to the denial of such benefits, her

4    sole remedy is that set forth in the Medicare Act. Plaintiff's claims are "inextricably

5    intertwined" with a claim for Medicare benefits and, therefore, arise under the

6    Medicare Act.

7        **2.    Plaintiff's "bad faith" claim is preempted.**

8        To the extent this claim is for "bad faith" or breach of the implied covenant,

9    instead of for breach of contract, it, too, is preempted. While Health Net is a health

10    care service plan and not an insurer, analogizing to insurance law demonstrates that

11    this cause of action must fail, as a matter of law. It has long been established that a

12    "bad faith" cause of action is "on the contract." (*See, e.g., 20th Century Ins. Co. v.*

13    *Superior Court,* 90 Cal.App.4th 1247, 1280 (2001); *Prieto v. State Farm Fire &*

14    *Casualty Co.,* 225 Cal.App.3d 1188, 1193 (1990).) This is because an insurer can be

15    liable for breach of the implied covenant of good faith and fair dealing only if it

16    unreasonably withholds benefits due under the policy. (*Waller v. Truck Ins.*

17    *Exchange, Inc.,* 11 Cal.4th 1, 35 (1995); *Love v. Fire Ins. Exchange,* 221 Cal.App.

18    3d 1136, 1151 (1990).) If no benefits are due under the policy, a bad faith claim is

19    barred as a matter of law. (*Brodkin v. State Farm Fire & Casualty Co.,* 217

20    Cal.App.3d 210, 218 (1989); *Ray v. Farmers Ins. Exchange,* 200 Cal.App.3d 1411,

21    1418, fn. 4 (1988).)

22        Thus, a necessary predicate to plaintiff's "bad faith" cause of action is a

23    determination by the Secretary that there was a breach of contract; i.e., that plaintiff

24    is entitled to rehabilitation services benefits that she did not receive. Since only the

25    Secretary can make that determination, this cause of action is not yet ripe.

26    **D.    Plaintiff's Cause Of Action For Fraud And Deceit Is Preempted By**

27        **The Medicare Act**

28    Plaintiff alleges in her fraud and deceit cause of action that Health Net

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1    engages in a practice of representing to members of the public that, by enrolling in

2    the Seniority Plus plan, enrollees will receive thoroughly adequate care that is

3    superior to that provided by Medicare. (*Complaint,* ¶ 65.)  Plaintiff claims, however,

4    that Health Net, through the use of incentives and disincentives to health care

5    providers, actually discourages the rendering of necessary care to its members.

6    (*Complaint,* ¶ 65.)  As a result, plaintiff states that she relied on Health Net's

7    marketing misrepresentations, enrolled in the health plan and received substandard

8    care (*Complaint,* ¶ 68.)

9        The MMA regulations squarely preempt this cause of action.  Section 422.80

10   of the Code of Federal Regulations regulates marketing materials, including any

11   informational materials targeted to Medicare beneficiaries which promote the

12   Medicare Advantage plan, inform Medicare beneficiaries about enrollment, explain

13   the benefits of enrollment, or explain how Medicare services are covered under the

14   Medicare Advantage plan, and provide an exclusive remedy for complaints arising

15   out of that marketing material.  (42 C.F.R. § 422.80(b)(1)-(4).)

16       In *Dial v. Healthspring of Ala., Inc.*, 501 F.Supp.2d 1348 (S.D. Ala. 2007) [on

17   appeal to the 11th Circuit], plaintiffs claimed that agents of a Medicare Advantage

18   plan fraudulently induced them to join the plan by misrepresenting plan benefits.

19   They sued the plan for breach of contract, fraud, negligence and other torts.  The

20   plan removed the action, and plaintiffs moved to remand. Plaintiffs argued that they

21   were seeking relief under state law only, and the preemption provision applies only

22   to preclude a state's attempt to establish standards relating to or regulating Medicare

23   Advantage plans.  They also argued that their claims were not related to marketing,

24   enrollment, benefit and coverage, and grievance procedures.  The plan argued that

25   the standards relating to the marketing of the plan and benefits disputes fell solely

26   under federal law, so removal was proper.  The district court found that:

27        [P]laintiffs' causes of action based upon defendants' meeting with the

28        plaintiffs, soliciting their enrollment, and making representations as to

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1    the quality and scope of benefits and coverage, and as to plaintiffs'
2    ability to continue treatment with their doctors and hospitals, fall within
3    areas which Congress intended to regulate through the MMA, and thus
4    are preempted by federal law.

5    (*Id.* at 1359.)

6        *Dial* relied, in part, on *First Medical Health Plan, Inc. v. Vega-Ramos*, *supra*,
7    which stated in dictum, "Congress' purpose in enacting § 1395w-26(b)(3) was to
8    protect the purely federal nature of Medicare Advantage plans operating under
9    Medicare...." (*Id.* at 51-52.)

10       Two cases from the Northern District of California have implicitly agreed that
11   the MMA affords complete preemption of plaintiff's fraud claim. In *Clay v.*
12   *Permanente Medical Group, Inc.*, 2007 WL 4374273 (N.D. Cal. 2007), plaintiff
13   alleged nine causes of action against Kaiser related to the alleged mishandling of a
14   kidney transplant. Kaiser removed the case, alleging jurisdiction pursuant to the
15   Medicare Act, and moved to compel arbitration. The court granted the motion to
16   compel arbitration, holding that the evidence of coverage was considered "marketing
17   materials," as that term is defined in 42 C.F.R. Section 422.80(b), and CMS's
18   approval of the Evidence of Coverage superseded any state law or regulation with
19   respect to Medicare Advantage plans. (*See also, Drissi v. Kaiser Foundation*
20   *Hospitals, Inc.*, 2008 WL 54382 (N.D. Cal. 2007) [granting motion to compel
21   arbitration].)

22       **E.    Plaintiff's Cause Of Action For Unfair Business Practices Is**
23            **Preempted By The Medicare Act**

24       Plaintiff's unfair business practices cause of action fails for the same reason as
25   her fraud and deceit claim. Plaintiff alleges that Health Net's misleading marketing
26   and its use of combined incentives and disincentives to providers to discourage the
27   rendering of necessary care in order to garner more profits constitutes an unfair
28   business practice within the meaning of California Business and Professions Code

Section 17200 *et seq.* (*Complaint,* ¶¶ 71-73.) Specifically, plaintiff avers that Health Net discouraged the use of physical therapy for good candidates such as the plaintiff and rather attempted to send her to a nursing home as a purportedly less expensive alternative. (*Complaint,* ¶ 72.) These allegations concern both the alleged wrongful denial of benefits to plaintiff, and the purported improper marketing of Health Net's Medicare Advantage product to the public at large. As discussed above, such claims are preempted by the Medicare Act and the MMA and, therefore, plaintiff's unfair business practices claim is also subject to preemption.

**F.      Before Plaintiff's Claims May Be Considered By This Federal Court, She Must First Exhaust The Administrative Remedies Afforded By Contract And Under The Medicare Act.**

Federal Rule of Civil Procedure 12(b)(1) provides that a motion to dismiss will lie where the court "lack[s] jurisdiction over the subject matter." Thus, in *Heckler v. Ringer*, the United States Supreme Court held that a claim which 'arises under' the Medicare Act must first be brought before the Secretary through a multilevel administrative review process. (*Id.* at 605.) This administrative review process (which is also expressly set forth in the contract between plaintiff and Health Net) provides the exclusive remedy for such claims. *Judicial* review of such claims is available only after the claimant has pressed the claim through every level of the administrative review process to a "final" decision by the Secretary and even then such review may only be obtained in *federal* court. (*Id.* at 605-606; *see also* 42.U.S.C. § 405(g).) Here, plaintiff has not participated in the administrative review process and has not obtained a "final decision" from which she may seek judicial review in this forum. In short, plaintiff has not exhausted her administrative remedies and this Court does not have subject matter jurisdiction over the lawsuit.

**G.      Plaintiff's Contract With Health Net Sets Forth The Comprehensive Administrative Review Scheme Mandated By The Medicare Act**

The Evidence of Coverage sets forth the comprehensive scheme for dealing

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1    with member concerns.  Section 11 entitled "Information on how to make a

2    complaint about Part C medical services and benefits," provides nine pages of

3    information about Health Net's complaint procedures.  With respect to a complaint

4    about what benefits or service Health Net will provide or what benefits or service

5    Health Net will cover, the EOC describes six steps that a member can take if

6    dissatisfied with care or payment from Seniority Plus.  In brief, Health Net makes an

7    "initial decision," also called an "organization determination," about the medical

8    care or payment for medical care.

9         An "organization determination" is defined in the MA [Medicare Advantage]

10   regulations as follows:

11        (b)      . . . An organization determination is any determination made by

12             an MA organization with respect to any of the following:

13                          . . .

14        (2)    Payment for any other health services furnished by a

15             provider other than the MA organization that the enrollee

16             believes--

17             (a)    Are covered under Medicare; or

18             (b)    If not covered under Medicare, should have been furnished,

19                  arranged for, or reimbursed by the MA organization.

20        (3)    The MA organization's refusal to provide or pay for

21             services, in whole or in part, including the type or level of

22             services, that the enrollee believes should be furnished or

23             arranged for by the MA organization.

24                          . . .

25        (5)    Failure of the MA organization to approve, furnish, arrange for,

26             or provide payment for health care services in a timely manner, or

27             to provide the enrollee with timely notice of an adverse

28             determination, such that a delay would adversely affect the health

4843-0083-9426.1

-14-

1                    of the enrollee."

2    (42 CFR § 422.566.)

3        If the member is unhappy, she can appeal or request reconsideration of the

4    decision. If the appeal or reconsideration request is denied in whole or in part,

5    Health Net is required to send the request to an independent review organization that

6    has a contract with the federal government. If the member is unhappy with the

7    outcome of the review, she can ask for an Administrative Law Judge to consider the

8    case and make a decision. If either party is unhappy with the outcome of that

9    decision, she or it may seek review before the Medicare Appeals Council. If either

10    party is unhappy with that review, she or it can seek review of that determination

11    before this Court. (*Evidence of Coverage*, pp. 77-85, Exh. "A" to the Request for

12    Judicial Notice "*RJN*")[1] This is consistent with the statutory Medicare scheme,

13    which provides that alleged refusal or failure to arrange for health services

14    constitutes an "organization determination" which is subject to the congressionally

15    mandated administrative procedure set forth at 42 U.S.C. Section 1395w-22(g).

16    Organization determinations are appealable to the Secretary of Health and Human

17    Services. (42 U.S.C. § 1395w-22(g)(5).) If an enrollee is dissatisfied with the

18    Secretary's decision, he or she can seek judicial review **in the district court**. (42

19    U.S.C. §§ 405(g), 1394w-22(g)(5).) Thus, a final decision by the Secretary on a

20    claim "arising under" Medicare may be reviewed by this Court.

21    **H.**    **This Action Should Be Dismissed As Premature Since Plaintiff Has**

22            **Not Exhausted Her Administrative Remedies**

23        In *Clorox v. U.S. Dist. Ct. for N.D. of California*, 779 F.2d 517, 522 (9th Cir.

24    1985), the court stated:

25

26        [1] As plaintiff bases her lawsuit on the Seniority Plus plan, but did not attach it

27    as an exhibit to her complaint, Health Net may attach the contract as an exhibit and
        the Court may consider the contract in this motion. (*See Fecht v. Price Co.*, 70 F.3d

28    1078, 1080, fn. 1 (9th Cir. 1995) [quoting *Branch v. Tunnell*, 14 F.3d 449 (9th Cir.
    1994)].)

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1   Under the derivative jurisdiction doctrine, if the state court lacked

2   subject matter jurisdiction over Stower's negligent management claim,

3   the district court also lacked jurisdiction over the claim upon removal.

4   *See, e.g., Dyer v. Greif Brothers, Inc.,* 766 F.2d 398, 399-400 (9th Cir.

5   1985); *Schroeder v. Trans World Airlines,* 702 F.2d 189 (9th Cir. 1983);

6   *Valenzuela v. Kraft,* 739 F.2d 434 (9th Cir. 1984).  Once the district

7   court discovers that the state court had no jurisdiction over a claim,

8   rather than engage in a fruitless remand to a state court that lacks

9   independent subject matter jurisdiction, it should dismiss the claim

10  without prejudice to a motion for leave to amend the complaint to add

11  the dismissed claim. *See Franchise Tax Board v. Construction*

12  *Laborers' Vacation Trust,* 463 U.S. 1, 24 n. 27, 77 L.Ed.2d 420, 103

13  S.Ct. 2842 (1983); *Schroeder,* 702 F.2d at 192; *see also Freeman v. Bee*

14  *Machine Co.,* 319 U.S. 448, 451, 87 L.Ed. 1509, 63 S.Ct. 1146 (1943)

15  (jurisdiction by removal does not deprive the federal court of power to

16  permit amendments to the complaint adding exclusively federal claims.)

17  Although *Clorox* arose under the prior "derivative jurisdiction doctrine,"

18  overruled by the enactment of 28 U.S.C. Section 1441(e), the concept remains the

19  same where, as here, the state court from which the case was removed lacks subject

20  matter jurisdiction over the dispute.  It would be fruitless to return the case to the

21  state court.  Instead, if the Court decides it lacks jurisdiction, because plaintiff has

22  not exhausted her administrative remedies, the case should be **dismissed** in favor of

23  the mandatory administrative process, not remanded.

24  The Court faced a similar "failure to exhaust administrative remedies" issue on

25  a copyright case removed from state court. (*Dielsi v. Falk,* 916 F.Supp. 985 (C.D.

26  Cal. 1996).)  While federal courts have exclusive jurisdiction over copyright claims,

27  federal copyright law preempted two of the plaintiff's claims as a result of plaintiff's

28  failure to comply with federal regulations prior to filing suit. (28 U.S.C. § 1338.)  A

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  prerequisite to the filing of a federal copyright claim, a litigant must first have

2  completed an application for copyright registration. Plaintiff's failure to plead that

3  he applied for copyright registration deprived the Court of subject matter

4  jurisdiction. (*Dielsi, supra,* 916 F.Supp. at pp. 993-994.) The Court dismissed the

5  claims rather than remanding them to state court, stating:

6           This case presents an intriguing jurisdictional puzzle which no reported

7           federal copyright case has squarely addressed. Because federal

8           copyright law completely preempts plaintiff's Fifth and Sixth Causes of

9           Action, this case was properly removed to federal court. However, after

10          exercising its removal jurisdiction, the Court concludes that it must

11          dismiss the claim for lack of subject matter jurisdiction under 17 U.S.C.

12          § 411(a). This appears paradoxical, but it is the only result that makes

13          sense. If the Court simply remanded the copyright claim to state court

14          for lack of subject matter jurisdiction, this order would be meaningless

15          because under 28 U.S.C. § 1338, federal courts have exclusive

16          jurisdiction over copyright claims.

17  (*Id.* at 994.)

18          The instant case presents a paradox similar to the one faced by the *Dielsi*

19  Court. Federal courts have exclusive jurisdiction over issues relating to Medicare

20  coverage. (42 U.S.C § 405(g).) But, the administrative process must first be

21  exhausted. (42 U.S.C § 1395w-22(g)(5).) Because plaintiff has not exhausted the

22  administrative process, just as the plaintiff in *Dielsi* did not apply for copyright

23  registration, this court lacks subject matter jurisdiction to grant plaintiff any of the

24  relief she seeks. As the Court did in *Dielsi*, this Court should dismiss this matter and

25  not remand it to state court, which clearly does not have subject matter jurisdiction.

26  A remand would be fruitless and meaningless.

27  / / /

28  / / /

1  **V.    CONCLUSION**

2        For the foregoing reasons, defendant Health Net respectfully requests its

3  motion to dismiss be granted on the grounds stated herein.

4

     DATED: March 10, 2008          LEWIS BRISBOIS BISGAARD & SMITH

5                                           LLP

6

7

8                               By    s/Kristin P. Kyle de Bautista

                                     RICHARD B. WOLF

9                                       ELISE D. KLEIN

                                     JANELLE F. GARCHIE

10                                      KRISTIN P. KYLE de BAUTISTA

                                     Attorneys for Defendant Health Net of

11                                      California, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*LEWIS BRISBOIS BISGAARD & SMITH LLP*
*221 NORTH FIGUEROA STREET, SUITE 1200*
*LOS ANGELES, CALIFORNIA 90012-2601*
*TELEPHONE (213) 250-1800*

1

**FEDERAL COURT PROOF OF SERVICE**
Freda Sussman v. Health Net of California, Inc. - File No. 25713-217

2

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4    At the time of service, I was over 18 years of age and not a party to the action.  My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

5

6    On March 10, 2008, I served the following document(s): **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**

7

8

9    I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):  **SEE ATTACHED SERVICE LIST**.

10

11    The documents were served by the following means:

12    [X]    (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

13

14    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

15

16    Executed on March 10, 2008, at Los Angeles, California.

17

18    _____

19    MARCIA COX

20

21

22

23

24

25

26

27

28

*Left margin (vertical):* LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4816-3654-2466.1

1

## SERVICE LIST

2

3    Nancy Sussman, Esq.
     **HAYWORTH & SUSSMAN**
4    1901 First Avenue, Suite 220
     San Diego, CA 92101
5    Tel: (619) 231-1215
     Attorneys for Plaintiff, *FREDA SUSSMAN*
6

7    Thor O. Emblem, Esq.
     **LAW OFFICES OF THOR EMBLEM**
     205 West Fifth Avenue
8    Suite 105
     Escondido, CA 92025
9    Tel: (760) 738-9301
     Attorneys for Plaintiff, *FREDA SUSSMAN*
10

     Lisa Iulianelli, Esq.
11   **CARROLL, KELLY, TROTTER, FRANZEN & McKENNA**
     P. O. Box 22636
12   Long Beach, CA 90801-5636
     Attorneys for Defendants,*ARMELIA SANI, M.D., SHILEY EYE CENTER UCSD MEDICAL
13   CENTER, REGENTS OF THE UNIVERSITY OF CALIFORNIA, LINDA BEACH, HAIDEE
     GUTIERREZ*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4816-3654-2466.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800