LexisNexis *Total Research System*

Custom ID ▼ | law school ID | Switch Client | Preferences | Live Support | Sign Off | ? Help

Search | Research Tasks | Get a Document | Shepard's® | Alerts | TotalLitigator | Transactional Advisor | Counsel Selector | History

Service: Get by LEXSEE®
Citation: 2008 us dist lexis 5639

2008 U.S. Dist. LEXIS 5639, *

↓ View Available Briefs and Other Documents Related to this Case

SUSIE WILLIAMS, Plaintiff, v. VIVA HEALTH, INC., et al., Defendants.

CASE NO. 2:07-cv-321-WKW (WO)

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

2008 U.S. Dist. LEXIS 5639

January 25, 2008, Decided
January 25, 2008, Filed

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff insured sued defendants, her insurer and its salesman, in the Circuit Court of Bullock County, Alabama, alleging state negligence and breach of contract claims regarding the supplemental prescription drug program policy. The insurer removed the case asserting federal question preemption under 42 U.S.C.S. § 1395w-26(b)(3) and 42 U.S.C.S. § 405(h). The insured moved to remand and requested costs and fees under 28 U.S.C.S. § 1447(c).

**OVERVIEW:** While one court had found that 42 U.S.C.S. § 1395w-26(b)(3) completely preempted state law claims, the current court joined others in finding that § 1395w-26(b)(3) did not carry complete preemptive force. Nor was there a showing that Congress intended § 1395w-26(b)(3) to be a complete preemption statute; § 1395w-26(b)(3) was not an adequate ground for removal. The insured's claims did not arise under the Medicare Act. They sought damages for the failure to disenroll her from the prescription plan and return her to her original plan; they did not seek benefits. The other claims challenged the poor quality of product and service provided. Removal in reliance upon 42 U.S.C.S. § 405(h) was improper. Nor did the claims contain substantial embedded issues of federal law. Because ordinary preemption did not give rise to federal question jurisdiction, the court could not infer that Congress intended there to be a federal forum. Remand was proper, but because the complete preemption issues were complex, removal had been objectively reasonable and an award of costs or fees to the insured under 28 U.S.C.S. § 1447(c) was inappropriate.

**OUTCOME:** The insured's motion to remand was granted and the case was remanded to the state court, but her request for costs and fees was denied.

**CORE TERMS:** preemption, federal law, federal question, state law, removal, preempt, Medicare Act, attorney fees, preempted, claims arising, embedded, law claims, prescription drug, federal issue, disputed issues, prescription, disputed, notice, disenroll, federal forum, subject matter jurisdiction, substantial question, national banks, federal cause of action, citation omitted, administrative remedies, inappropriate, well-pleaded, negligently, supervision

## LEXISNEXIS® HEADNOTES                                                            ⊟ Hide

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > Limited Jurisdiction
Civil Procedure > Removal > Postremoval Remands > Jurisdictional Defects

HN1± Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. However, federal courts are courts of limited jurisdiction. Thus, with respect to cases removed to federal district courts pursuant to 28 U.S.C.S. § 1441, the law favors remand where federal jurisdiction is not absolutely clear. Removal statutes are construed narrowly; where a plaintiff and a defendant clash about jurisdiction, uncertainties are resolved in favor of remand. More Like This Headnote

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Questions > Well-Pleaded Complaint Rule
Civil Procedure > Removal > Basis > Federal Questions

HN2± A federal court may exercise subject matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C.S. § 1331. A defendant may remove to the

06/13/2006  13:32   6196400208   GARY JONES   PAGE  01/09

federal courts any civil action brought in a State court of which the district courts of the United States have original jurisdiction. 28 U.S.C.S. § 1441(a). A case arises under federal law if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. More Like This Headnote

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Questions > Well-Pleaded Complaint Rule
Civil Procedure > Removal > Basis > Federal Questions
Civil Procedure > Federal & State Interrelationships > Federal Common Law > Preemption

HN3± Though a claim arises under federal law if it conforms to the well-pleaded complaint rule, the existence of a federal defense is not sufficient to create federal question jurisdiction unless complete preemption exists. However, in order for complete preemption to exist, the pre-emptive force of a statute must be so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. More Like This Headnote

Public Health & Welfare Law > Social Security > Medicare > Coverage > Part B
HN4± 42 U.S.C.S. § 1395w-26(b)(3). More Like This Headnote

Civil Procedure > Federal & State Interrelationships > Federal Common Law > Preemption
HN5± Express and conflict preemption are types of ordinary preemption; ordinary preemption provides a substantive defense to a state law action on the basis of federal law. Express preemption occurs when Congress has manifested its intent to preempt state law explicitly in the language of the statute. Conflict preemption arises in two circumstances: when it is impossible to comply with both federal and state law, and when state law stands as an obstacle to achieving the objectives of the federal law. More Like This Headnote

Civil Procedure > Removal > Basis > Federal Questions
Civil Procedure > Federal & State Interrelationships > Federal Common Law > Preemption
HN6± Only complete preemption gives rise to federal question jurisdiction for purposes of removal. A case may not be removed to federal court on the basis of a federal defense, including that of federal preemption. A federal law may substantively displace state law under ordinary preemption but lack the extraordinary force to create federal removal jurisdiction under the doctrine of complete preemption. More Like This Headnote

Civil Procedure > Federal & State Interrelationships > Federal Common Law > Preemption
HN7± Complete preemption must be manifest in the clearly expressed intent of Congress. Courts are reluctant to find complete preemption in the absence of explicit direction from Congress. Complete preemption rarely applies. More Like This Headnote

Civil Procedure > Federal & State Interrelationships > Federal Common Law > Preemption
Public Health & Welfare Law > Social Security > Medicare > Coverage > Part B
Public Health & Welfare Law > Social Security > Medicare > Medicare Act Interpretation
HN8± The Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) (codified in scattered sections of 42 U.S.C.S.), does not have a provision providing for a federal cause of action and only requires that federal law shall supersede any State law or regulation with respect to Medicare Advantage plans. 42 U.S.C.S. § 1395w-26(b)(3). The plain language of § 1395w-26(b)(3) does not support the conclusion that Congress intended complete preemption. More Like This Headnote

Public Health & Welfare Law > Social Security > Medicare > Appeals Process & Judicial Review
HN9± See 42 U.S.C.S. § 405(h).

Public Health & Welfare Law > Social Security > Medicare > Appeals Process & Judicial Review
Public Health & Welfare Law > Social Security > Medicare > Medicare Act Interpretation
HN10± Although 42 U.S.C.S. § 405(h) discusses old-age and disability claims, Congress has incorporated it into the Medicare Act, so that this provision also applies to claims under the Medicare Act. 42 U.S.C.S. § 1395ii. 42 U.S.C.S. § 405(g) establishes the procedure for judicial review of claims seeking benefits and allows a party to obtain review in district court only after the Secretary of the Department of Health and Human Services has made a final decision. 42 U.S.C.S. § 405(g). Federal courts lack subject matter jurisdiction to hear claims for benefits arising out of a Medicare plan unless the party has exhausted administrative remedies. 42 U.S.C.S. § 405(g). More Like This Headnote

Public Health & Welfare Law > Social Security > Medicare > Appeals Process & Judicial Review
HN11± 42 U.S.C.S. § 405(g) is the sole avenue for judicial review for all claims arising under the Medicare Act. More Like This Headnote

Get a Document - by Citation - 2008 U.S. Dist. LEXIS 5639

Case 3:08-cv-00392-H-BLM    Document 19-2    Filed 04/17/2008    Page 3 of 9

Public Health & Welfare Law > Social Security > Medicare > Appeals Process & Judicial Review
Public Health & Welfare Law > Social Security > Medicare > Medicare Act Interpretation

HN12 There are two tests for determining whether a claim arises under the Medicare Act. The first is whether the claims are those in which both the standing and the substantive basis for the presentation of the claims is the Medicare Act. The second test is whether the state law claims are inextricably intertwined with a denial of benefits. More Like This Headnote

Public Health & Welfare Law > Social Security > Medicare > Appeals Process & Judicial Review
Public Health & Welfare Law > Social Security > Medicare > Medicare Act Interpretation

HN13 Nothing in the legislative history suggests that 42 U.S.C.S. § 405(h) was designed to abolish all state remedies which might exist against a private Medicare provider for torts committed during its administration of Medicare benefits. More Like This Headnote

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Questions > Substantial Questions

HN14 In certain cases federal question jurisdiction lies over claims arising under state law that turn on substantial questions of federal law. This category of cases is special and small. The mere presence of a federal issue does not automatically confer federal-question jurisdiction. To determine whether a state law claim arises under federal law, a court must determine whether a state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. More Like This Headnote

Civil Procedure > Removal > Postremoval Remands > Motions for Remand
Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Statutory Awards

HN15 See 28 U.S.C.S. § 1447(c).

Civil Procedure > Removal > Postremoval Remands > Motions for Remand
Civil Procedure > Remedies > Costs & Attorney Fees > Attorney Expenses & Fees > Statutory Awards

HN16 Courts may award attorney's fees under 28 U.S.C.S. §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. A trial court should not grant attorney fees simply because the effort to remove a case failed. More Like This Headnote

**↑Available Briefs and Other Documents Related to this Case:**

U.S. District Court Motion(s)
U.S. District Court Pleading(s)

**COUNSEL:** [*1] For Susie Williams, Plaintiff: L. Cooper Rutland, Jr., LEAD ATTORNEY, Rutland & Braswell, Union Springs, AL.

For VIVA Health, Inc., Defendant: Amelia T. Driscoll, LEAD ATTORNEY, Bradley, Arant, Rose & White, Birmingham, AL; James Sturgeon Christie, Jr., LEAD ATTORNEY, Bradley Arant Rose & White LLP, Birmingham, AL.

**JUDGES:** W. Keith Watkins, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** W. Keith Watkins

**OPINION**

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the plaintiff's Motion to Remand (Doc. # 4). For the reasons set forth below, the Motion to Remand is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff Susie Williams ("Williams") sued Viva Health, Inc. ("Viva") and Ricky Crapp ("Crapp") alleging tort and breach of contract claims under state law that related to the insurance that Viva provided and Crapp sold to her. Williams has succinctly summarized her claims: "Plaintiff sued VIVA because they [sic] negligently screwed up her insurance." (Pl.'s Remand Br. 10.)

In her complaint, Williams states that in October 2006 she received a solicitation from Viva through the mail to enroll in its prescription drug program. (Compl. P 7.) Williams contacted Viva and met with Crapp, a Viva sales representative, [*2] who told her that Viva's program was superior to her current prescription drug program. (*Id.*

06/13/2006  13:32  6196400208  GARY JONES  PAGE 03/09

PP 8-11.) Williams then claims she enrolled in Viva to supplement -- not replace -- her Public Education Employee Health Insurance Plan ("PEEHIP") prescription coverage that she currently had. (Williams Aff.) However, shortly after enrolling with Viva, Williams learned from her pharmacist that her total prescription drug coverage, including her PEEHIP plan, was $ 3,000.00 per year. (Compl. P 13.) Because her prescriptions cost in excess of $ 8,000.00 per year, Williams filed a disenrollment form with Viva in December 2006. (Id. PP 14-15.) Viva did not disenroll her from the program, and Williams claims she has experienced great stress because of Viva's failure to disenroll her and because she has not known how she will pay for her prescriptions. (Id. PP 16-18.)

On March 13, 2007, Williams filed a complaint in the Circuit Court of Bullock County. 1 On April 12, 2007, Viva removed the case on federal question grounds, and Williams filed a motion to remand on April 25, 2007. The motion is fully briefed and ripe for review.

**FOOTNOTES**

1 Crapp has not yet been served with the complaint.

## II. STANDARD OF REVIEW

HN1 Federal [*3] courts have a strict duty to exercise the jurisdiction conferred on them by Congress. _Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996)_. However, "[f]ederal courts are courts of limited jurisdiction." _Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)_. Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." _Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)_.

## III. DISCUSSION

Viva contends that removal was proper because there is federal question jurisdiction. HN2 A federal court may exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove to the federal courts "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Id. § 1441(a). A case arises under federal law "if 'a well-pleaded complaint establishes either [*4] that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" _Empire HealthChoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 126 S. Ct. 2121, 2131, 165 L. Ed. 2d 131 (2006)_ (quoting _Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)_). Viva argues that this case arises under federal law because Williams's claims are preempted by the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 ("MMA"), Pub. L. No. 108-173, 117 Stat. 2066 (2003) (codified in scattered sections of 42 U.S.C.), or, in the alternative, because they depend on embedded and disputed issues of federal law.

### A. Preemption

Viva removed this case claiming that because it has a preemption defense there is federal question jurisdiction. Specifically, Viva claims that 42 U.S.C. § 1395w-26(b)(3) and 42 U.S.C. § 405(h) preempt Williams's claims. The court finds that there is no federal question jurisdiction because neither statute completely preempts Williams's claims.

HN3 Though a claim arises under federal law if it conforms to the well-pleaded complaint rule, see _McVeigh, 126 S. Ct. at 2131_; [*5] _Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)_, the existence of a federal defense is not sufficient to create federal question jurisdiction unless complete preemption exists. _Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6-8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003)_. However, in order for complete preemption to exist, "the pre-emptive force of a statute [must be] so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" _Caterpillar, 482 U.S. at 393_ (quoting _Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)_).

### 1. Preemption under 42 U.S.C. § 1395w-26(b)(3)

Viva argues that there is federal question jurisdiction because § 1395w-26(b)(3) preempts Williams's claims arising under state law. Section 1395w-26(b)(3) provides that HN4 "[t]he standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws related to plan solvency) with respect to [Medicare Advantage] plans which are offered by [Medicare Advantage] organizations under this part." 42 U.S.C. § 1395w-26(b)(3).

Viva first asserts that there is federal question jurisdiction because it has federal [*6] preemption defenses to Viva's claims that arise under state law. 2 Viva specifically alleges that there is express [3] and conflict [4] preemption.

HN5 Express and conflict preemption are types of ordinary preemption; ordinary preemption "provid[es] a substantive defense to a state law action on the basis of federal law." *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 n.8 (11th Cir. 2004) (internal quotations marks and citation omitted).

**FOOTNOTES**

2 Viva alleges that Williams's claims in count one, that Viva negligently procured her insurance, and in count three, that Viva acted wantonly, are expressly preempted by 42 C.F.R. § 422.56, which Viva contends prohibited it from persuading Williams not to enroll in its plans. Viva also argues that Williams's claims are preempted through conflict preemption by 42 C.F.R. § 423.50 because its marketing materials met federal standards. Viva does not identify which of Williams's claims are specifically preempted by § 423.50 and merely asserts "to the extent that Plaintiff's claims rely on the adequacy of Viva Health's marketing materials, Plaintiff's claims are preempted." (Def.'s Resp. Br. to Remand 19.) The court does not rule on or evaluate whether these [*7] regulations preempt Williams's claims because ordinary preemption does not give rise to federal question jurisdiction.

3 "'Express preemption' occurs when Congress has manifested its intent to preempt state law explicitly in the language of the statute." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004).

4 Conflict preemption "arises in two circumstances when it is impossible to comply with both federal and state law and when state law stands as an obstacle to achieving the objectives of the federal law." *Cliff*, 363 F.3d at 1122.

Viva argues that ordinary preemption is sufficient to create a federal question, but this position has no basis in law because HN6 only complete preemption gives rise to federal question jurisdiction. As the Eleventh Circuit has explained, "a case may *not* be removed to federal court on the basis of a federal defense, including that of federal preemption." *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352-53 (11th Cir. 2003). "[A] federal law may substantively displace state law under ordinary preemption but lack the extraordinary force to create federal removal jurisdiction under the doctrine of complete preemption." *Id.* at 1353. Viva's argument [*8] that there is express or conflict preemption is simply irrelevant to whether this court has subject matter jurisdiction.

The next issue is whether § 1395w-26(b)(3) creates federal question jurisdiction because it completely preempts Williams's claims. 5 HN7 Complete preemption "must be manifest in the clearly expressed intent of Congress." *Id.* at 1353. The Supreme Court has indicated that it is reluctant to find complete preemption in "the absence of explicit direction from Congress." *Metro. Life Ins.*, 481 U.S. at 64. Complete preemption rarely applies; the Supreme Court has found complete preemption in only three statutes: § 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185; § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1132(a); and §§ 85-86 of the National Bank Act, codified at 12 U.S.C. §§ 85-86. See *Harris v. Pacificare Life & Health Ins. Co.*, 514 F. Supp. 2d 1280, 1289 (M.D. Ala. 2007).

**FOOTNOTES**

5 Viva did not explicitly put forth this argument in their briefing. In fact, it explicitly stated that it was asserting express or conflict preemption. (Def.'s Resp. Br. to Remand 10.) However, because Viva argues that § 1395w-26 (b)(3) [*9] creates federal question jurisdiction, the court will address this argument.

Neither the Eleventh Circuit nor any other circuit has addressed whether § 1395w-26(b)(3) carries complete preemptive force, but other district courts have found that it does not. See *Lassiter v. Pacificare Life & Health Ins. Co.*, No. 07-583, 2007 U.S. Dist. LEXIS 91970, 2007 WL 4404051, at *2-3 (M.D. Ala. Dec. 13, 2007); *Bolden v. Healthspring of Ala., Inc.*, Nos. 07-413, 07-414, 2007 U.S. Dist. LEXIS 77950, 2007 WL 4403588, at *10 (S.D. Ala. Oct. 2, 2007); *Harris*, 514 F. Supp. 2d at 1296. While one court has found that § 1395w-26(b)(3) does completely preempt state law claims, *Dial v. Healthspring of Ala., Inc.*, 501 F. Supp. 2d 1348 (S.D. Ala. 2007), this court joins others in declining to follow *Dial*. See *Lassiter*, 2007 U.S. Dist. LEXIS 91970, 2007 WL 4404051, at *2; *Bolden*, 2007 U.S. Dist. LEXIS 77950, 2007 WL 4403588, at *10; *Harris*, 514 F. Supp. 2d at 1294 n.13.

Moreover, Viva has not shown that Congress intended § 1395w-26(b)(3) to be a complete preemption statute. In effectuating complete preemption under LMRA and ERISA, Congress expressly created a federal cause of action to resolve disputes. 6 See 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees [*10] in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ."); 29 U.S.C. § 1132(f) ("The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action."). Unlike LMRA and ERISA, HN8 the MMA does not have a provision providing for a federal cause of action and only requires that federal law "shall supersede any State law or regulation . . . with respect to [Medicare Advantage] plans . . . ." 42 U.S.C. § 1395w-26 (b)(3). The plain language of § 1395w-26(b)(3) does not support the conclusion that Congress intended complete

preemption.

**FOOTNOTES**

6 The Supreme Court used a different analysis to find complete preemption under the National Bank Act and focused on the "longstanding and consistent construction of the National Bank Act as providing an exclusive federal cause of action for usury against national banks" and "the special nature of federally chartered banks." Beneficial Nat'l Bank, 539 U.S. at 10. Viva has not argued, and the court does not find, that this reasoning [*11] applies here.

Viva also relies heavily on Uhm v. Humana, Inc., No. 06-185, 2006 U.S. Dist. LEXIS 41185, 2006 WL 1587443 (W.D. Wash. June 2, 2006), to support its claim of federal question jurisdiction. However, the court in Uhm did not discuss or analyze complete preemption. The issue in Uhm was whether plaintiffs' claims were due to be dismissed for failure to state a claim because § 1395w-26(b)(3) preempted plaintiffs' tort and contract claims. 2006 U.S. Dist. LEXIS 41185, [WL] at *2. The court's analysis focused on ordinary preemption. Id. Moreover, the plaintiffs in Uhm filed suit in federal court based on diversity jurisdiction and issues related to removal were not before the court. Id.

Viva's reliance on § 1395w-26(b)(3) as a basis for complete preemption is unfounded. The court therefore finds this statute is not an adequate ground for removal.

### 2. Complete Preemption under 42 U.S.C. § 405(h)

Viva also argues that 42 U.S.C. § 405(h) completely preempts Williams's claims. Viva contends that Williams's claims "arise under" the Medicare Act and are "inextricably intertwined" with a claim for benefits, requiring Williams to exhaust administrative remedies before bringing a claim.

Section 405(h) of the Social Security Act provides that no HN9 "decision [*12] of the [Secretary of the Department of Health and Human Services] shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). HN10 Although § 405(h) discusses old-age and disability claims, Congress has incorporated it into the Medicare Act, so that this provision also applies to claims under the Medicare Act. See 42 U.S.C. § 1395ii. Section 405(g) establishes the procedure for judicial review of claims seeking benefits and allows a party to obtain review in district court only after the Secretary of the Department of Health and Human Services has made a final decision. Id. § 405(g). Federal courts lack subject matter jurisdiction to hear claims for benefits arising out of a Medicare plan unless the party has exhausted administrative remedies. 7 Id.

**FOOTNOTES**

7 See also 42 U.S.C. § 405(h) ("No action against the United States, the [Secretary of the Department of Health and Human Services], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.").

The Supreme Court has held that HN11 § 405(g) "is the sole avenue for judicial review for all 'claims arising under' [*13] the Medicare Act." Heckler v. Ringer, 466 U.S. 602, 615, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984) (citation omitted). Courts disagree on whether Ringer stands for the proposition that § 405(h) completely preempts state law. See Kennedy v. Health Options, Inc., 329 F. Supp. 2d 1314, 1316 (S.D. Fla. 2004); Kelly v. Advantage Health, Inc., No. 99-362, 1999 U.S. Dist. LEXIS 6903, 1999 WL 294796, at *4 (E.D. La. May 11, 1999). 8 Some courts have found that § 405(h) completely preempts claims arising under the Medicare Act. See Kennedy v. Health Options, Inc., 329 F. Supp. 2d 1314, 1316 (S.D. Fla. 2004); Kelly v. Advantage Health, Inc., No. 99-362, 1999 U.S. Dist. LEXIS 6903, 1999 WL 294796, at *4 (E.D. La. May 11, 1999). However, another court has found Ringer did not address whether § 405(h) complete preempts state law claims because the plaintiff had brought federal claims in federal court. Bolden, 2007 U.S. Dist. LEXIS 77950, 2007 WL 4403588 at *4 n.11. The court doubts that § 405(h) is a complete preemption statute (which would make removal in this case proper) but need not decide the issue because Williams's claims do not arise under the Medicare Act.

**FOOTNOTES**

8 Interestingly, when courts list the statutes for which the Supreme Court has found complete preemption, § 405(h) is not included. See, e.g., Beneficial, 539 U.S. at 6-7; Dunlap, 381 F.3d at 1291; Harris, 514 F. Supp. 2d at 1289.

In Ringer, the Supreme Court put forth HN12 two tests for determining whether a claim arises under the [*14] Medicare Act. The first is whether the claims are those "in which 'both the standing and the substantive basis for the presentation' of the claims" is the Medicare Act. Ringer, 466 U.S. at 615 (quoting Weinberger v. Salfi, 422 U.S. 749, 760-61, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975)). Because neither party contends that the standing and substantive basis for Williams's claims is the Medicare Act, the court need not evaluate this test.

06/13/2006  13:32  6196400208  GARY JONES  PAGE 06/09

The second test is whether the state law claims are "inextricably intertwined" with a denial of benefits. Ringer, 466 U.S. at 624. In Ardary v. Health Plans of Cal., Inc., 98 F.3d 496 (9th Cir. 1996), the heirs of a deceased Medicare beneficiary claimed the Medicare provider's failure to authorize an airlift to a larger hospital resulted in the beneficiary's death. Ardary, 98 F.3d at 497. The plaintiffs brought negligence and intentional tort claims. Id. The Ninth Circuit found that while the claim was predicated on the failure to provide a specific type of benefit -- an airlift -- the plaintiffs were "at bottom not seeking to recover benefits." Id. at 500. The Ninth Circuit found HN13"nothing in the legislative history to suggest that [§ 405(h)] was designed to abolish all state remedies [*15] which might exist against a private Medicare provider for torts committed during its administration of Medicare benefits . . . ." Id. at 501.

Here, Williams has asserted two types of claims, neither of which is, at bottom, a claim for Medicare benefits. Some of Williams's claims seek damages for Viva's failure to disenroll her from Viva's prescription plan and return her to her original prescription plan. [9] These claims are not for benefits as they involve a wholly collateral issue - Viva's failure to disenroll Williams when she requested it do so. Williams's other claims relate to the quality of insurance Viva sold Williams and what she terms Viva "negligently screw[ing] up her insurance." [10] (Pl.'s Remand Br. 10.) With these claims, Williams is not claiming that she is entitled to benefits from Viva but rather is challenging the poor quality of product that Viva provided to her. Moreover, her claim is not one for benefits because Williams would not be made whole if Viva paid her benefits. Williams seeks redress for her injury resulting from Viva's failure to disenroll her and the anguish she experienced as a result of not knowing the status of her insurance. [11]

### FOOTNOTES

9 These are her claims [*16] in Count II for negligence, Count III for wantonness, Count IV for outrage, and Count V for breach of contract. (Compl. P P 26-43.)

10 These are her claims in Count I for negligent failure to procure insurance and Count V for negligent hiring, training, and supervision. (Compl. PP 21-25, 44-47.)

11 After Williams commenced the lawsuit, Viva agreed to provide her prescription drug benefits beyond the $3,000 maximum through October 2007. (Mot. Remand Ex. F.)

Even if § 405(h) were to completely preempt claims under state law, Williams's claims are not completely preempted because they do not arise under the Medicare Act. Accordingly, removal in reliance upon § 405(h) was improper.

### B. Substantial Federal Issue

Viva argues, in the alternative, that there is federal question jurisdiction because embedded in Williams's claims arising under state law are substantial issues of federal law. Viva argues there are three such issues, but these issues are actually preemption defenses. [12] Because Williams's claims do not contain substantial embedded issues of federal law, removal on this ground was inappropriate.

### FOOTNOTES

12 The three issues are: (1) whether Viva can be liable under state law for not discouraging [*17] her from enrolling when federal law prohibits health screening; (2) whether VIVA can be liable under state law for insufficient marketing materials when the materials comply with federal law; and (3) whether Williams must have exhausted federal administrative remedies for challenging coverage decisions in order to bring her state law claims. (Notice of Remand P 23.)

HN14 In certain cases federal question jurisdiction lies over claims arising under state law that "turn on substantial questions of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). The Supreme Court has long recognized this type of federal question jurisdiction, Id., although this category of cases is "special and small." McVeigh, 126 S. Ct. at 2136. The mere presence of a federal issue "does not automatically confer federal-question jurisdiction." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). To determine whether a state law claim arises under federal law, a court must determine whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved [*18] balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314.

In Grable, the Supreme Court determined that removal was proper because the resolution of the claims arising under state law depended on the interpretation of a disputed federal statute. Id. at 319-20. The IRS had seized real property belonging to Grable to satisfy a tax delinquency, and though Grable received notice at that time of the seizure by mail, he brought a quiet title action under state law a few years later, claiming that the IRS's notice was insufficient under federal law. Id. at 310-11. The defendants removed the case to federal court, claiming there was

06/13/2006  13:32  6196400208  GARY JONES  PAGE  07/09

Get a Document by Citation - 2008 U.S. Dist. LEXIS 13639    Page 8 of 9

Case 3:08-cv-00392-HDM   Document 15-39   Filed 04/17/2008   Page 8 of 9

federal question jurisdiction. *Id.* at 311.

The Supreme Court found there was a disputed federal question embedded in Grable's quiet title action because his claim of superior title depended on a federal issue -- the adequacy of the IRS's notice under federal law. *Id.* at 314-15. The disputed issue was substantial as it would be dispositive for other cases in the future. *Id.* at 315. Notably, it was the only disputed legal or factual issue in the case. *Id.* Finally, the Supreme Court found that federal court resolution of the issue would not upset [*19] the balance between the state and federal systems because the federal government had a strong interest in collecting taxes, in having a federal forum available to vindicate its own administrative actions, and because only rarely would title cases arising under state law implicate federal tax law. *Id.*

A year after *Grable*, the Supreme Court in *McVeigh* reinforced that there is a substantial question of federal law in only a "special and small category" of cases. *McVeigh*, 126 S. Ct. at 2136. In *McVeigh*, a health insurance carrier for federal employees sought reimbursement from an enrollee for damages recovered in a state tort action. *Id.* at 2129. Using the same analysis as in *Grable*, the Supreme Court concluded that it lacked subject matter jurisdiction because the disputed issue in *McVeigh* did not have a federal character as it involved the settlement of a state court action. *Id.* at 2137. The Court explained the issue was not substantial by contrasting it to the one in *Grable*. While the issue in *Grable* was "a nearly pure issue of law . . . that could be settled once and for all and thereafter would govern numerous tax sale cases," *id.* (internal quotation marks and citation omitted), the [*20] issues in *McVeigh* were "fact-bound and situation-specific." *Id.* Finally, the Court found that the federal-state balance weighed against federal question jurisdiction as the state court "is competent to apply federal law, to the extent it is relevant." *Id.* While the United States has an interest in the health and welfare of its employees, the interest did not justify turning the claim into a federal case. *Id.*

Here, there is not a substantial question of federal law embedded in Viva's claims. First, there is no disputed issue of federal law embedded in Williams's claims. The disputed federal issue in *Grable* regarding the adequacy of notice was an element of the *plaintiff's* claim under state law. *See Grable*, 545 U.S. at 314. That is not the case here. Viva is merely asserting preemption defenses to the Williams's state law claims.

Second, even assuming there were disputed issues of federal law, they would not be substantial. Although Viva claims there are substantial issues, there is no support for this contention. Viva has not shown that the issues are pure issues of law or that the resolution of this case would be determinative for others in the future.

Finally, deciding this case in federal [*21] court would upset the balance between the state and federal systems. Viva asserts that Congress intended there to be a federal forum because it preempted state law. However, because ordinary preemption does not give rise to federal question jurisdiction, the court cannot infer that Congress intended there to be a federal forum. State courts are well-equipped to decide whether federal law preempts state law, as these issues are regularly litigated in state courts. Moreover, an exercise of federal jurisdiction here would upset the balance between the state and federal systems by moving an entire class of cases -- those that raise preemption defenses -- into federal court.

Viva has argued that its preemption defenses are embedded issues of federal law. However, substantial issues of federal law create federal question jurisdiction in only a small class of cases, and this case is not one of them. [13] Accordingly, Viva's removal on this ground was inappropriate. Because there is not federal question jurisdiction, this case is due to be remanded to state court.

**FOOTNOTES**

13 The parties have also argued whether 42 U.S.C. § 1395 prohibits this court from ruling on issues related to Medicare because it limits [*22] federal oversight over the practice of medicine. That statute provides:

> Nothing in this subchapter shall be construed to authorize any Federal officer or employee to exercise any supervision or control over the practice of medicine or the manner in which medical services are provided, or over the selection, tenure, or compensation of any officer or employee of any institution, agency, or person providing health services; or to exercise any supervision or control over the administration or operation of any such institution, agency, or person.

42 U.S.C. § 1395. Section 1395 is plainly inapplicable to the issues before the court in this case.

**C. Attorney Fees**

In her motion to remand, Williams argues that she is entitled to costs and attorney fees under 28 U.S.C. § 1447(c) because Viva acted in bad faith in removing this action. [HN15] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447 (c). [HN16] "[C]ourts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, [*23] fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). A trial court should not grant attorney fees simply because the effort to remove a case failed. *Sheridan Healthcorp., Inc. v.*

Get a Document - by Citation - 2008 U.S. Dist. LEXIS 5639    Page 9 of 9

Case 2:08-cv-00262-H-TFM Document 18-52 Filed 04/17/2008 Page 9 of 9

*Neighborhood Health P'ship, Inc.*, 459 F. Supp. 2d 1269, 1274 (S.D. Fla. 2006).

Viva used a reasonable ground for removal when it asserted that there was complete preemption. "Complete preemption is not a simple concept." *Harris*, 514 F. Supp. 2d at 1298. In *Harris*, the court did not award costs or attorney fees when the defendant removed a case claiming complete preemption under § 1395w-26(b)(3) because the issues were novel and had not been addressed by the Eleventh Circuit. *Id.* Here, the complete preemption issues were complex and had not been addressed by the Eleventh Circuit. Because Viva's removal on this ground was objectively reasonable, awarding costs or attorney fees would be inappropriate. Therefore, Williams's request for attorney fees will be DENIED.

## IV. CONCLUSION

Accordingly, it is ORDERED that:

1. Plaintiffs' Motion to Remand (Doc. # 14) is GRANTED;

2. This case is REMANDED to the Circuit Court of Bullock County;

3. The Clerk is DIRECTED to take appropriate steps to effect [*24] the remand; and

4. The plaintiff's request for costs and attorney fees is DENIED.

DONE this 25th day of January, 2008.

/s/ W. Keith Watkins

UNITED STATES DISTRICT JUDGE

Service: Get by LEXSEE®
Citation: 2008 us dist lexis 5639
View: Full
Date/Time: Thursday, April 17, 2008 - 1:00 PM EDT

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Switch Client | Preferences | Sign Off | Help

LexisNexis   About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.