RICHARD B. WOLF, SB# 046173
    E-Mail: rwolf@lbbslaw.com
ELISE D. KLEIN, SB# 111712
    E-Mail: klein@lbbslaw.com
JANELLE F. GARCHIE, SB# 118453
    E-Mail: garchie@lbbslaw.com
KRISTIN P. KYLE de BAUTISTA, SB# 221750
    E-Mail: kyledebautista@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
650 West "C" Street, Suite 800
San Diego, California 92101
Telephone: (619) 233-1006
Facsimile: (619) 233-8627

Attorneys for HEALTH NET OF CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDA SUSSMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARMELIA SANI, M.D., SHILEY EYE CENTER, UCSD MEDICAL CENTER, REGENTS OF THE UNIVERSITY OF CALIFORNIA, HEALTH NET, INC., HEALTH NET SENIORITY PLUS, LINDA BEACH, HAIDEE GUTIERREZ, and DOES 1 through 40, inclusive,<br><br>　　　　Defendants. | CASE NO. 08 CV 0392 H BLM<br><br>Honorable Marilyn L. Huff<br>Action Removed: March 3, 2008<br><br>**RESPONSE TO ORDER TO SHOW CAUSE RE REMOVAL** |

Health Net of California, Inc. ("Health Net") submits this response to the Court's order that Health Net show cause as to why this action should not be remanded.

**I.   INTRODUCTION**

Health Net removed this action pursuant to 28 U.S.C. § 1441(b) on the ground that this Court has original jurisdiction over the allegations made against it. In fact, as noted in Health Net's motion to dismiss, set for hearing on April 21, 2008, this

Court has **exclusive** jurisdiction over the matters plaintiff alleges against it. This is because plaintiff's causes of action each arise from her challenge to Health Net's denial of benefits, the **only** remedy for which is an appeal to the district court after a detailed administrative process is exhausted. To the extent any of plaintiff's causes of action against Health Net are unrelated to the denial of benefits, they appear to be related to marketing materials, and, again, plaintiff's exclusive remedy is in this Court.

Because the claims against Health Net are exclusively within this Court's jurisdiction, and because they are severable from the claims against the providers, Health Net did not need to obtain the consent of the other defendants to remove the action. This Court should not remand the claims plaintiff alleges against Health Net.

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges eleven causes of action. The first five causes of action essentially allege a history of medical malpractice against plaintiff's medical providers. Health Net is not a party to those causes of action.

The sixth cause of action alleges retaliation against plaintiff, in the form of medical records alterations. Again, Health Net is not a party to that cause of action.

The seventh cause of action alleges violation of confidentiality against plaintiff's health care providers. Health Net is not a party to that cause of action.

The eighth cause of action alleges breach of contract and "bad faith insurance tactics" for Health Net's failure to pay for plaintiff's rehabilitation care. Only Health Net is a party to that cause of action.

The ninth and tenth causes of action allege that through fraud, deceit and unfair business practices, Health Net induced plaintiff to enroll in its Medicare Advantage plan. These causes of action are alleged only against Health Net, and not against any other party.

The eleventh cause of action alleges violations of Penal Code section 502, again, alteration of medical records, against plaintiffs' health care providers, and not

1  against Health Net.

2  None of the eleven causes of action names Health Net together with the
3  provider defendants, and there is no common injury alleged against Health Net and
4  the other defendants.

5  **III.  THIS COURT HAS JURISDICTION OVER THE CLAIMS ASSERTED**
6  **AGAINST HEALTH NET, AND THE OTHER DEFENDANTS DID NOT**
7  **NEED TO JOIN IN THE NOTICE OF REMOVAL.**

8  **A.  This Court Has Original Jurisdiction Over The Allegations Against**
9  **Health Net**

10  28 U.S.C. section 1441(b) provides:

11  Any civil action of which the district courts have original jurisdiction
12  founded on a claim or right arising under the Constitution, treaties or
13  laws of the United States shall be removable without regard to the
14  citizenship or residence of the parties. Any other such action shall be
15  removable only if none of the parties in interest properly joined and
16  served as defendants is a citizen of the State in which such action is
17  brought.

18  As set forth in Health Net's motion to dismiss, plaintiff's allegations against
19  Health Net arise out of the 2003 amendments to the Social Security Act known as the
20  Medicare Prescription Drug, Improvement, and Modernization Act of 2003
21  ("MMA") (42 U.S.C. § 1395w-26(b)(3)), and the regulations promulgated
22  thereunder. Plaintiff claims that Health Net failed to reimburse her for the cost of her
23  stay in a rehabilitation facility, and claims that Health Net fraudulently induced her
24  to join Health Net's Medicare Advantage ("MA") plan. As set forth in Health Net's
25  motion to dismiss, before a plaintiff may sue a Medicare Advantage ("MA") plan for
26  failure to pay benefits, she must exhaust her administrative remedies. After she
27  exhausts her administrative remedies, either she or the plan may bring an action **in**
28  **the district court**. (42 U.S.C. §§ 405(g), 1394w- 22(g)(5).)

Similarly, to the extent plaintiff believes that Health Net's marketing materials contained misrepresentations, her remedy is set forth in the federal regulations. (42 C.F.R. § 422.80; 42 C.F.R. § 422.564.) As Health Net pointed out in its reply memorandum in support of its motion to dismiss, in Masey v. Humana, Inc., 2007 U.S. Dist. LEXIS 70464 (M.D. Fla., 2007), the court held that a MA member's breach of fiduciary duty and consumer protection claims were "inextricably intertwined" with what was "in essence" a claim for Medicare benefits, so **all** of plaintiff's claims had to proceed through the administrative appeal process provided by the Medicare statute, culminating in an appeal to the district court. The same result should obtain here.

Thus, this Court not only has removal jurisdiction over plaintiff's claims against Health Net, it also has **exclusive** jurisdiction over these claims.

### B. Because This Court Has Exclusive Jurisdiction Over the Claims Plaintiff Asserts Against Health Net, the Medical Provider Defendants Were Not Required to Join in the Notice of Removal

28 U.S.C. section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. section 1331 provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

As set forth above and as discussed at length in Health Net's motion to dismiss, the claims against Health Net arise under the laws of the United States, so are removable pursuant to 28 U.S.C. section 1441(c). When an action is removed

pursuant to that statute, unanimity in removal is not required. As explained in Bernstein v. Lind-Waldock & Co., 738 F.2d 179, 183 (7th Cir. 1984):

> Consent is required for removal under 28 U.S.C. § 1441(a), Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 272-73 (7th Cir. 1982), but not for removal under 28 U.S.C. § 1441(c), 1A Moore's Federal Practice para. 0.168[3.-2-2], at pp. 556-57 (1983) -- that is, not if the plaintiff's claim against the removing defendant is "separate and independent" from the other claims in the suit. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 95 L. Ed. 702, 71 S. Ct. 534 (1951), strongly implies that if the claim against Lind-Waldock was pendent to the claim against the Exchange, or vice versa, this condition could not be satisfied. However, if the claims were unrelated (or less related), presumably either party could remove the case without the other's consent, provided the claim was within the original jurisdiction of the federal courts. **For if consent were required in such a case, a plaintiff might be able to prevent removal of a federal claim by joining an unrelated claim against a different defendant, and this would reduce the effectiveness of section 1441(c) in making separate and independent claims a basis for removal.**

(Emphasis added.)

Similarly, in Riggs v. Plaid Pantries, Inc., 233 F.Supp.2d 1260, 1266-1267 (D. Or. 2001), the court held that where the claims against the removing party are "separate and independent" from the claims against the other defendants, the consent of the other defendants need not be obtained as a condition of a valid removal. (See also Henry v. Independent American Savings Association, 857 F.2d 995, 999 (5th Cir. 1988.)

As discussed above, the claims against Health Net are separate and independent from the claims plaintiff makes against her health care providers.

1  Plaintiff alleges that her health care providers committed medical malpractice, and
2  falsified her records. She alleges that she was separately harmed by Health Net's
3  failure to pay for treatment she was contractually entitled to receive, and alleges that
4  Health Net fraudulently induced her to join its MA plan. The potential liability of
5  Health Net floats free of the potential liability of plaintiff's medical providers.
6  Plaintiff thus alleges separate and independent harms. (See, e.g., Riggs v. Plaid
7  Industries, Inc., supra at 1265 [where claims against removing party are not
8  contingent on claims against other defendants, claim is separate and independent]; cf.
9  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1197-1198 (9th Cir. 1988) [RICO
10 claim not separate and independent because all of the allegations arose from an
11 interlocked series of transactions].)[1/]

12     Since the claims against Health Net are unquestionably federal in nature, and
13 are separate and independent from the claims against plaintiff's medical providers,
14 Health Net was not required to obtain the providers' consent to removal. Thus, the
15 claims against Health Net should not be remanded.

17 DATED: April 17, 2008         LEWIS BRISBOIS BISGAARD & SMITH LLP

20                                By: _____
                                    RICHARD B. WOLF
21                                  ELISE D. KLEIN
                                    JANELLE F. GARCHIE
22                                  KRISTIN P. KYLE de BAUTISTA
                                    Attorneys for Defendant Health Net of
23                                  California, Inc.

---

[1/] Thus, Emrich suggests that removal would have been appropriate under 28 U.S.C. § 1441(c) without the joinder of all defendants had the RICO violations arose out of a separate transaction!

4838-7637-2482.2                    -5-
RESPONSE TO ORDER TO SHOW CAUSE RE REMOVAL

**FEDERAL COURT PROOF OF SERVICE**
Sussman v. HN - CASE NO. 08 CV 0392 H BLM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 17, 2008, I served the following document(s): **RESPONSE TO ORDER TO SHOW CAUSE RE REMOVAL**

I served the documents on the following persons at the following addresses:

Nancy Sussman, Esq.
**HAYWORTH & SUSSMAN**
1901 First Avenue, Suite 220
San Diego, CA 92101
Tel: (619) 231-1215
Attorneys for Plaintiff, *FREDA SUSSMAN*
kauaiatty@aol.com

Thor O. Emblem, Esq.
**LAW OFFICES OF THOR EMBLEM**
205 West Fifth Avenue
Suite 105
Escondido, CA 92025
Tel: (760) 738-9301
Attorneys for Plaintiff, *FREDA SUSSMAN*

Lisa Iulianelli, Esq.
**CARROLL, KELLY, TROTTER, FRANZEN & McKENNA**
P. O. Box 22636
Long Beach, CA 90801-5636
Attorneys for Defendants, *ARMELIA SANI, M.D., SHILEY EYE CENTER UCSD MEDICAL CENTER, REGENTS OF THE UNIVERSITY OF CALIFORNIA, LINDA BEACH, HAIDEE GUTIERREZ*

The documents were served by the following means:

[X] **(BY U.S. MAIL)** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid, and

[X] **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the laws of the United States of America that the above is true and correct.

Executed on April 17, 2008, at Los Angeles, California.

_____
Rosa Reza

4838-7637-2482.2

RESPONSE TO ORDER TO SHOW CAUSE RE REMOVAL