# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

FREDA SUSSMAN,

                    Plaintiff,

   vs.

ARMELIA SANI, et al.,

                  Defendants.

CASE NO. 08-CV-0392-H (BLM)

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT

On March 3, 2008, defendant Health Net of California, Inc. ("Health Net") removed this medical malpractice action from San Diego County Superior Court. (Doc. No. 1.) On March 10, 2008, Health Net filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 4.) On March 17, 2008, platiniff Freda Sussman ("Plaintiff") filed a motion to remand. (Doc. No. 7.) The parties filed oppositions and replies to both motions. (Doc. Nos. 12-13, 15-16.)

On April 11, 2008, the Court issued an order to show cause regarding the fact that other defendants did not join in the removal. (Doc. No. 14.) Health Net filed a supplemental brief on this question on April 17, 2008. (Doc. No. 20.)

The Court previously submitted both motions without oral argument, exercising its discretion under Local Civil Rule 7.1(d)(1). (Doc. No. 18.) For the reasons set forth below, the Court grants the motion to remand and denies the motion to dismiss as moot.

/ / /

**<u>Background</u>**

Plaintiff filed the underlying Complaint on November 13, 2007.  Plaintiff served Health Net with the Summons and Complaint on January 31, 2008.  The Complaint alleges that Plaintiff suffered a massive, debilitating stroke which should have been avoided had defendant Armelia Sani, Plaintiff's primary care physician, properly diagnosed and treated conditions including: atrial fibrillation, diabetes, edema, heart problems, and a heart murmur.  (Compl. ¶¶ 14-19.)  Plaintiff also alleges that Shiley Eye Center failed to recognize signs of an impending stroke when examining Plaintiff's vision field defects.  (Compl. ¶¶ 20-24.)  In addition to these malpractice allegations, the Complaint raises related claims against the defendants administering treatment, related employees, and their employers and parent organizations.  These claims include: lack of informed consent; breach of fiduciary duty; retaliation in violation of Cal. Health & Safety Code § 1278.5(b)(1) et seq.; violation of confidentiality requirements of Cal. Civil Code § 56.10 et seq.; and violation of Cal. Penal Code § 502.  (Compl. ¶¶ 25-51, 74-77.)

Plaintiff brings a claim against Health Net, as her insurance provider, for bad faith insurance tactics arising from events occurring after her hospitalization for the stroke.[1]  As alleged, Health Net sought to avoid further costs for an outside hospital by arranging for Plaintiff's transfer from Alvarado Hospital to UCSD when she was too unstable for transport.  (Compl. ¶ 54.)  Plaintiff further alleges that Health Net, as part of a general pattern and practice, improperly refused to pay for appropriate rehabilitation services.  (Compl. ¶¶ 55-62.)  Plaintiff also brings related claims against Health Net for fraud and unfair business practices, Cal. Bus. & Prof. Code § 17200, et seq.  (Compl. ¶¶ 63-73.)

Health Net filed its notice of removal on March 3, 2008, asserting federal question jurisdiction.  The other named defendants did not join in the removal, and Health Net argues that this was unnecessary under the circumstances of this case.

---

[1]With the insurance-related causes of action, the complaint originally named Health Net, Inc. and Health Net Seniority Plus.  Plaintiff later filed an amendment adding Health Net of California, Inc.

1

**<u>Discussion</u>**

2

**A.     Complete Preemption and Federal Question Jurisdiction**

3      Under 28 U.S.C. § 1441(a)-(b), a party may remove a civil action for which the

4   district court has original jurisdiction based on a claim or right arising under federal

5   law, without regard to the citizenship of the parties.  A party seeking removal has the

6   burden to overcome a "strong presumption" against removal jurisdiction.  <u>Gaus v.</u>

7   <u>Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  Courts "strictly construe the removal

8   statute against removal jurisdiction." <u>Id.</u>

9      The parties agree that the complaint does not, on its face, present a federal

10   question.  Defendant has removed the action by asserting that a provision of the

11   Medicare Prescription Drug, Improvement and Modernization Act of 2003 ("2003

12   Medicare Act") preempts the state law claims against Health Net.  Specifically, 42

13   U.S.C. § 1395w-26(b)(3) provides that "[t]he standards established under this part shall

14   supersede any State law or regulation (other than State licensing laws or State laws

15   relating to plan solvency) with respect to MA plans which are offered by MA

16   organizations under this part."

17      Generally, removal based on federal question jurisdiction must rely on a federal

18   claim appearing in the well pleaded complaint, not merely a defense that raises a federal

19   issue. <u>See</u> <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003).  "[A] case may not

20   be removed to federal court on the basis of a federal defense, including the defense of

21   preemption, even if the defense is anticipated in the plaintiff's complaint, and even if

22   both parties admit that the defense is the only question truly at issue in the case."

23   <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 14 (1983).  There

24   are two narrow exceptions permitting removal based on federal preemption of state

25   causes of action: (1) where Congress expressly preempts the state cause of action, an

26   issue not presented here; and (2) where "a federal statute wholly displaces the state-law

27   cause of action through complete pre-emption." <u>Beneficial Nat'l Bank</u>, 539 U.S. at 9.

28   Health Net argues that the second exception permits removal, based on the 2003

Medicare Act.

1    In Beneficial National Bank, the Supreme Court reviewed two previous situations

2  in which it had found complete preemption of state law causes of action: section 301

3  of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185; and the

4  Employment Income and Retirement Savings Act of 1974 ("ERISA"), 29 U.S.C. § 1001

5  et seq.  Id. at 8.  Both of these acts contain provisions setting forth procedures and

6  remedies for federal civil claims.  See  29 U.S.C. § 185 (LMRA claims) 29 U.S.C. §

7  1132 (ERISA claims).

8    The Court concluded that a defendant could remove a state law usury claim under

9  the National Bank Act, 12 U.S.C. §§ 85-86, holding that those provisions completely

10  preempted any state law cause of action for usury against a national bank.  Beneficial

11  Nat'l Bank, 539 U.S. at 9-11.  The Court took care to explain that the National Bank

12  Act both preempted state substantive rules and provided an exclusive federal cause of

13  action.  Id. at 9-10.  Title 12 U.S.C. § 85 sets limits on the rates of interest a national

14  bank may charge.  Id. at 9.  The Court noted that though this section, standing alone,

15  might provide a federal defense to state law claims, it would not serve as a basis for

16  removal.  Id.  Title 12 U.S.C. § 86, however, goes on to provide remedies and

17  procedures for those seeking relief, define the elements of a usury claim, and set a

18  statute of limitations.  To determine whether this situation was comparable to the

19  LMRA and ERISA cases, the Court examined whether "Congress intended § 86 to

20  provide the exclusive cause of action for usury claims againt national banks . . . ."  Id.

21  The Court concluded that Congress had so intended, and a defendant could remove a

22  preempted state law usury action.  Id. at 9-11.

23    The 2003 Medicare Act provision asserted here differs from the provisions of the

24  LMRA, ERISA, and the National Bank Act.  Those statutes all expressly define a

25  federal cause of action, not merely substantive provisions that preempt state law.

26  Indeed, the Court took care in Beneficial National Bank to distinguish sections 85 and

27  86 of the National Bank Act.  The Court noted that section 85 standing alone would not

28  be sufficient to permit removal, even though it might provide a preemption defense.

See Beneficial Nat'l Bank, 539 U.S. at 9.  The provision asserted here, 42 U.S.C.

§ 1395w-26(b)(3), is more akin to section 85, setting only substantive standards without defining remedies. It provides that "[t]he standards established under this part shall supersede any State law or regulation," but it does not define any federal remedies or procedure. By its plain language, this section does not create a cause of action, let alone one exclusive to federal courts, thus indicating that Congress did not intend to completely preempt state causes of action in the manner described in Beneficial National Bank.

Ninth Circuit case law is also consistent with this view. The court has rejected complete preemption in cases involving: the Telecommunications Act of 1996, as it relates to a neighborhood association dispute with homeowners over placement of satellite dishes; and the Exchange Act, as it relates to state causes of action for false advertising and deceptive sales practices in the sale of callable CDs. Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang, 376 F.3d 831 (9th Cir. 2004) (Telecommunications Act); Lippitt v. Raymond James Fin. Servs., 340 F.3d 1033, 1042 (9th Cir. 2003) (Exchange Act). The Ninth Circuit has concluded that the bankruptcy code completely preempts state law causes of actions for damages resulting from an involuntary bankruptcy petition, and actions for malicious prosecution related to bankruptcy filings. See In re Miles, 430 F.3d 1083 (9th Cir. 2005) (complete preemption of tort actions predicated on filing on involuntary bankruptcy petition); MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910 (9th Cir. 1996) (complete preemption of malicious prosecution based on bankruptcy proceedings). Much like Beneficial National Bank, in both cases the court looked to provisions providing for specific federal remedies, not merely substantive standards. See In re Miles, 430 F.3d at 1088-93 (examining 11 U.S.C. § 303(i)); MSR Exploration, Ltd., 74 F.3d at 915 (examining provisions including 11 U.S.C. §§ 105(a), 303(i)(2), etc.).

Ultimately, federal law may preempt Plaintiff's causes of action against Health Net. The question presented here, however, is narrower. As Beneficial National Bank makes clear, a statute may preempt state substantive law without completely preempting state causes of action to such an extent that removal is permissible absent a well pleaded

1  federal claim.  The approach advocated by Health Net would blur the difference

2  between a routine preemption defense and the narrower "complete preemption" doctrine

3  discussed in <u>Beneficial National Bank</u>.

4      By remanding this case, the Court expresses no view on whether the state law

5  causes of action are ultimately barred by preemption on remand.  Health Net has raised

6  a number of preemption arguments that may require careful attention.[2]  Whether or not

7  there is a viable preemption defense for Health Net, however, the Court concludes that

8  the 2003 Medicare Act does not completely preempt the state law causes of action to

9  the extent seen with laws like the LMRA, ERISA, the National Bank Act, and the

10  bankruptcy provisions mentioned above.  Accordingly, the Court will remand the case

11  to the state court.

12  **B.    Joinder of Other Defendants and 28 U.S.C. § 1441(c)**

13      Ordinarily, 28 U.S.C. § 1446(a) requires all defendants to join in the petition for

14  removal, except for defendants not yet properly joined or served in the action.

15  <u>See</u> <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).   In

16  responding to the Court's order to show cause on this issue, Health Net did not argue

17  that the other defendants had not been joined or served prior to removal.   Instead,

18  Health Net argues that its claims are "separate and independent" within the meaning of

19  28 U.S.C. § 1441(c) and that approval from other defendants was therefore not required.

20  Health Net did not refer to 28 U.S.C. § 1441(c) or otherwise explain the failure to join

21  other defendants in its original Notice of Removal, however.

22      Although the Ninth Circuit does not appear to have addressed this question

23  directly, "[a] significant number of courts have asserted that when a separate and

24  independent claim that is removable under Section 1441(c) is joined with other non-

25  removable claims, only the defendants to the separate and independent claim need seek

27  
28      [2]For example, the state court may wish to consider the continuing applicability of <u>McCall v.</u>
<u>PacifiCare of California, Inc.</u>, 25 Cal. 4th 412 (2001).  In <u>McCall</u>, the California Supreme Court
concluded that the Medicare Act did not preempt certain state law causes of action.  After that opinion,
however, Congress replaced 42 U.S.C. § 1395w-26(b)(3) with more general language regarding the
scope of state laws and regulations to be superseded.

1  removal." 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal
2  Practice and Procedure § 3731 (3d ed. 1998).  Some courts have disagreed with this
3  premise, however.  See id.  In the leading case on what constitutes a "separate and
4  independent" claim in this context, the Supreme Court explained that "where there is
5  a single wrong to plaintiff, for which relief is sought, arising from an interlocked series
6  of transactions, there is no separate and independent claim or cause of action under
7  § 1441(c)."  American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951).  This
8  determination is based on the pleadings.  Id.  Although the claims against Health Net
9  allege distinct legal theories, they do appear to implicate an "interlocked series of
10 transactions," all stemming from the handling of Plaintiff's treatment.

11     The Court doubts that removal was procedurally proper under these standards,
12 which Health Net did not raise in its Notice of Removal.  However, since the Court has
13 already concluded that removal was not proper under Health Net's complete preemption
14 theory, the Court declines to rule on this basis.  The Court does note that, even if
15 removal were proper under 28 U.S.C. § 1441(c), it would exercise its discretion to
16 remand any separate and independent state causes of action, as permitted by that statute.

17 **C.    Summary**

18     The Court concludes that removal under federal question jurisdiction was
19 improper.  The asserted Medicare provision does not completely preempt the state law
20 causes of action.  Having concluded that removal was improper, the Court declines to
21 reach the other procedural concerns.  The Court denies Health Net's motion to dismiss
22 as moot.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1

## Conclusion

2      For the reasons set forth above, the Court REMANDS this case to the Superior

3  Court of San Diego County for further proceedings consistent with this order and

4  DENIES Health Net's motion to dismiss as moot.

5      IT IS SO ORDERED.

6  DATED:  April 21, 2008

7

8  MARILYN L. HUFF, District Judge
   UNITED STATES DISTRICT COURT

9  COPIES TO:
   All parties of record.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28